UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BACARELLA TRANSPORTATION SERVICES, INC., <br> Plaintiff, <br><br> v. <br><br> J.M. LOGISTICS, LLC, STEVEN JENKINS, WILLIAM MARSDEN and CONCERT GROUP LOGISTICS, INC., <br> Defendants. | : <br> : <br> : <br> : No. 3:11-cv-00147-WWE <br> : <br> : <br> : <br> : <br> : <br> : |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS and ON PLAINTIFF'S MOTION FOR EXPEDITED JURISDICTIONAL DISCOVERY, A STAY OF THE ADJUDICATION OF THE PENDING MOTIONS TO DISMISS, AND FOR A HEARING

In this action, plaintiff Bacarella Transportation Services, INC. ("BTX") has filed a complaint seeking relief against defendants Concert Group Logistics ("CGL"), Steve Jenkins and William Marsden for tortious interference with contractual relations based on allegations that they caused J.M. Logistics, LLC ("JM") to breach its agreement with BTX. In addition, plaintiff has filed breach of contract and breach of covenant of good faith and fair dealing counts against JM.

Defendants CGL, Jenkins and Marsden have now filed motions to dismiss the tortious interference claims for lack of personal jurisdiction. Plaintiff has filed a motion for expedited jurisdictional discovery, stay of the adjudication of the motions to dismiss, and for a hearing.

For the following reasons, defendants' motions to dismiss will be moot and plaintiff's motion for discovery, stay and hearing will be denied. The case against CGL, Jenkins and Marsden will be transferred to the Eastern District of Pennsylvania.

1

## BACKGROUND

On January 26, 2011, BTX commenced this lawsuit against JM, Jenkins, Marsden and CGL. The complaint contains four counts. Counts one and two allege that JM breached its agreement with BTX. Count four seeks a declaratory judgment against JM. These counts are not as issue in these motions. Count three for tortious interference with contractual relations against CGL, Jenkins and Marsden is the only count at issue in the pending motions.

Plaintiff BTX is a Connecticut corporation with offices in Shelton, Connecticut. Defendants Jenkins and Marsden are both citizens of the state of New Jersey. They are members of JM, a limited liability company, located in Sharon Hill, Pennsylvania. Defendant CGL is a registered corporation in the state of Delaware with its principal place of business in Downers Grove, Illinois.

Both BTX and CGL are transportation logistics services companies that enter into agreements with independent contractors, like JM, where the independent contractors operate stations covering specified geographic regions.

On May 7, 2007, JM entered into a transportation services agreement with BTX. Marsden and Jenkins signed the contract on behalf of JM. Pursuant to the contract, JM provided transportation services for BTX from May, 2007 through December, 2010 as an independent contractor. In accordance with the contract, JM sold shipping services to customers in its geographic area of New Jersey, Pennsylvania and Deleware on behalf of BTX.

Plaintiff's complaint alleges that JM agreed not to engage any other person or entity to perform services substantially similar to those of BTX within the geographic area during the ten-year term of the contract. In December, 2010, JM began doing business with CGL, terminated its

2

agreement with BTX and allegedly began providing false information to BTX costomers within the geographic area in order to lure the customers over to CGL.

Count three of the complaint asserts a claim for tortious interference with contractual relations against CGL and against Jenkins and Marsden individually. All three defendants have now moved to dismiss the complaint against them for lack of personal jurisdiction. Plaintiff has filed a motion for expedited jurisdictional discovery, a hearing and to stay the adjudication of the motions to dismiss.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

MOTIONS TO DISMISS

This Court must first consider whether it has personal jurisdiction over the defendants before reaching the merits of their claims. A court engages in a two-step process to determine whether it may exercise personal jurisdiction over a defendant. See Grand River Enters. Six

3

Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir.2005). First, it must consider whether Connecticut's long-arm statute confers jurisdiction, and then it must determine whether such exercise comports with the Due Process Clause of the United States Constitution. See Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163-64 (2d Cir.2010).

Before discovery, a plaintiff facing a 12(b)(2) motion may defeat the motion by pleading legally sufficient allegations of jurisdiction. Ball v. Metallurgie Hoboken-Overpelt, 902 F.2d 194, 197 (2d Cir. 1990). "Where . . . the district court relies solely on the pleadings and supporting affidavits, the plaintiff need only make a prima facie showing of jurisdiction." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). These pleadings and affidavits are construed in the light most favorable to Plaintiff, with all doubts resolved in Plaintiff's favor.

I. DEFENDANT CGL

Connecticut's long-arm statute regarding foreign corporations is Conn. Gen. Stat. § 33-929(f). It provides, in relevant part:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state;

Plaintiff contends that this Court has personal jurisdiction over CGL pursuant to subsections (1) and (2) of the long-arm statute. First, Plaintiff argues that subsection (1) is

4

satisfied because CGL arranges for transportation of products in and out of Connecticut. Second, Plaintiff argues that subsection (2) is satisfied because CGL solicits business in Connecticut through an interactive website.

Plaintiff alleges that CGL transports products to and from Connecticut. However, mere in-state transportation is not enough to satisfy § 33-929(f)(1). Foreign corporations are subject to suit in Connecticut on any cause of action *arising out of* any contract to be performed in this state. Although the "arising out of" language in the long-arm statute has not been interpreted to necessitate but-for causation, Plaintiff's cause of action must be similar to an action likely to result directly from in-state transportation. See Thomason v. Chemical Bank, 234 Conn. 281, 296 (1995). Here, Plaintiff's third party tortious interference claim arising in a different geographic area is not a reasonably foreseeable result of providing transportation services in Connecticut. Thus, § 33-929(f)(1) is inapplicable.

Plaintiff alleges that CGL solicits business in Connecticut through an interactive website. However, plaintiff's cause of action does not arise through any solicitation related activities. "[A] plaintiff's cause of action aris[es] ... out of ... business solicited in this state if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiffs." Thomason, 234 Conn. 281 at 296. Here, Plaintiff again fails to allege any relation between this cause of action and any internet solicitation by CGL. Therefore, the requirements of § 33-929(f)(2) have not been fulfilled.

As neither subsection (1) nor subsection (2) of Connecticut's long-arm statute has been satisfied, Plaintiff has not met the burden of demonstrating personal jurisdiction over defendant

5

CGL.

## II. DEFENDANTS JENKINS and MARSDEN

Connecticut's long-arm statute regarding individuals is Conn. Gen. Stat. § 52-59b. It provides, in relevant part:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, or over the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, who in person or through an agent: (1) Transacts any business within the state; . . . (3) commits a tortious act outside the state causing injury to person or property within the state, . . . or (5) uses a computer . . . network, . . . located within the state.

Plaintiff alleges that this Court has personal jurisdiction over Defendants Jenkins and Marsden pursuant to subsections (1), (3) and (5) of the long-arm statute.

First, Plaintiff argues that Defendants transacted business within Connecticut. Plaintiff alleges that Jenkins and Marsden obtained start up funding from BTX based on negotiations with the Connecticut corporation. However, receipt of financing from a Connecticut corporation when the funded activities take place outside of Connecticut is not sufficient to establish jurisdiction. See Savin v. Ranier, 898 F.2d 304 (2d Cir. 1990). Similarly, start up negotiations made from outside the state are insufficient to constitute transaction of business in Connecticut. See Goudis v. American Currency Trading Corp., 233 F.Supp.2d 330, 334-35 (D. Conn. 2002). Therefore, personal jurisdiction has not been obtained through § 52-59b(a)(1).

Second, Plaintiff argues that Defendants committed a tortious act outside the state causing injury to person or property within the state. However, using the "situs of injury test," the location of the injury is the same as the original event which caused the injury, not where

6

resultant damages are subsequently felt. See Robb v. Robb, 620 F.Supp.2d 282, 286 (D. Conn. 2009). Plaintiff does not allege that defendants' tortious interference (the event which caused the injury) had anything to do with Connecticut. Thus, § 52-59b(a)(3) does not confer jurisdiction.

Finally, Plaintiff contends that defendants are subject to Connecticut's long-arm statute because they used an in-state computer network. Specifically, plaintiff alleges that Jenkins and Marsden "used the BTX email system, which is part of its network." However, as the Connecticut Superior Court pointed out in Mitchell v. Patterson: "If the legislature had meant internet instead of computer network it would have said so," as it did in dozens of other statutes. No. 4001501, 2005 WL 1671528 (Conn. Super. 2005). Here, Jenkins and Marsden merely sent personal emails from outside of Connecticut that traveled over BTX's computer network in Connecticut. Furthermore, plaintiff has not drawn any relation between defendants' use of email and the alleged tortious interference cause of action. Therefore, this Court does not have jurisdiction pursuant to § 52-59b(a)(5) of Connecticut's long-arm statute.

## PLAINTIFF'S MOTION FOR DISCOVERY, STAY AND HEARING

The burden of establishing jurisdiction over a defendant, by a preponderance of the evidence, is upon the plaintiff. Until an evidentiary hearing is held, however, the plaintiff need make only a prima facie showing that jurisdiction exists. Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (C.A.2.N.Y. 1985). In Marine Midland Bank, N.A. v. Miller, the Second Circuit Court of Appeals held that:

> "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." 664 F.2d 899, 904 (2d Cir. 1981).

7

In Miller, personal jurisdiction hinged on the court's decision about whether or not to pierce the defendant's corporate veil. There, discovery may have aided resolution of the motion to dismiss as defendant's status as an individual or corporate employee could be dispositive in determining personal jurisdiction. In contrast, here it is unclear how discovery could tip the balance in favor of asserting personal jurisdiction. Specifically, plaintiff requests expedited discovery only in the areas already cited above as bases for personal jurisdiction. A plaintiff may not undertake a fishing expedition based only upon bare allegations under the guise of jurisdictional discovery. See Belden Techs,. Inc. v. LS Corp., 626 F. Supp. 2d 448, 459 (D. Del. 2009). Plaintiff's allegations, even if true, would not confer personal jurisdiction on the defendants. Therefore jurisdictional discovery will be denied.

Plaintiff argues that "where resolution of the motion to dismiss turns on credibility, a hearing is appropriate to determine whether the court has personal jurisdiction. See Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249-1250 (11th Cir. Fla. 2005). Here, the resolution of the motions to dismiss do not turn on credibility. As explained above, taking plaintiff's allegations as true, this Court lacks personal jurisdiction over defendants CGL, Jenkins and Marsden. Accordingly the resolution of defendant's motions to dismiss will not be stayed and plaintiff's motion for an evidentiary hearing will be denied.

TRANSFER

Plaintiff has requested, in the event that this Court is inclined to grant Marsden, Jenkins and CGL's motions to dismiss, that this portion of the case be transferred to the Eastern District of Pennsylvania where there is no dispute that the movants are subject to personal jurisdiction. It is undisputed that CGL has offices in Sharon Hill, Pennsylvania and that Jenkins and Marsden

8

work at that location.

Plaintiff has moved for transfer pursuant to 28 U.S.C. § 1404(a). However, 28 U.S.C. § 1631, rather than § 1404(a), is the best vehicle for transfer for want of personal jurisdiction. Sabatino v. St. Barnabas Med. Ctr., No. 03CV7445, 2005 WL 2298181, at *3 (S.D.N.Y. 2005).

> § 1631. Transfer to cure want of jurisdiction:
>
>> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Section 1631 requires transfer when personal jurisdiction is wanting "unless it [i]s not in the interest of justice to do so." Paul v. INS, 348 F.3d 43, 46 (2d Cir. 2003). *Sua sponte* transfer is appropriate pursant to § 1631. Van Tran v. INS, No. Civ.01-151-AS, 2002 WL 32784571, at *2 (D.Or. 2002)..

This Court will transfer this portion of the case, relating to defendants CGL, Jenkins and Marsden, to the Eastern District of Pennsylvania. Therefore, the defendants' motions to dismiss for lack of personal jurisdiction will be moot.

## CONCLUSION

For the reasons stated above, the defendants' motions to dismiss are MOOT and the plaintiff's motion for expedited jurisdictional discovery, a stay of the adjudication of the pending motions to dismiss, and for a hearing are DENIED. Count three of the complaint, relating to

9

defendants CGL, Jenkins and Marsden is hereby TRANSFERRED to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631.

DATED this 29th day of September, 2011 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE